No. 51          February 7, 2012          423

## IN THE OREGON TAX COURT
## REGULAR DIVISION

Daniel ROBERGE
and Kathy Lynn Roberge,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5040)

Plaintiffs (taxpayers) appealed from a Magistrate Division decision of dismissal and sought a judgment to have the court order a classification correction be made for the 2007-08 year and to change the maximum assessed value of taxpayers' real property for that year. Granting Defendant (the department)'s motion to dismiss, the court ruled that the tax years at issue were closed to appeal and the court was without statutory jurisdiction to provide a remedy to taxpayers.

Oral argument on Defendant's Motion to Dismiss was held in the courtroom of the Oregon Tax Court, Salem on January 20, 2012.

William H. Sumerfield, Attorney at Law, Hood River, filed the response and argued the cause for Plaintiffs (taxpayers).

Nathan Carter, Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Defendant (the department).

Decision for Defendant rendered February 7, 2012.

**HENRY C. BREITHAUPT, Judge.**

This matter is before the court on the motion to dismiss filed by Defendant Department of Revenue (the department) on November 28, 2011. Plaintiffs (taxpayers) responded and a hearing was held on January 20, 2012.

In this property tax case, the property in question is an improvement that is in part residential and in part commercial. In the year it was first added to the assessment and tax rolls, the 2007-08 tax year, the assessor considered the property as commercial for purposes of determining the maximum assessed value and the assessed value under ORS

308.146 through ORS 308.166, and in particular what is generally referred to as the changed property ratio (CPR).[1]

Taxpayers assert that they inquired of the assessor as to whether there was a more favorable classification for the property given its mixed use, but were told that no other classification was available. Taxpayers did not challenge the determination of the CPR as established by the assessor for the 2007-08 year.[2]

In this proceeding, taxpayers seek to have the court order a classification correction be made for the 2007-08 year and to change the maximum assessed value for that year. The taxpayers note, correctly, that unless such a correction is made for the 2007-08 year, the initial maximum assessed value for the property determined in that year will, most likely, cause the assessed value of the property to be greater than it would be if the correction in classification is made.

Under Measure 50, the facts and actions taken in the first year a property goes on the rolls can have continuing effect.[3] That said, unless a timely appeal of any allegedly incorrect action is taken, the initial actions of the assessor are immune from attack by taxpayers and may be binding on the assessor. That is the teaching of cases such as *Ellis v. Lorati*, 14 OTR 525 (1999); *Zervis v. Dept. of Rev.*, 20 OTR 79 (2010); *Kaufman v. Dept. of Rev.*, 20 OTR 159 (2010); and *Clackamas Cty. Assessor v. Village at Main Street II*, 20 OTR 96 (2010).

As stated above, taxpayers took no appeal under ORS 305.275, or otherwise, from the original action of the assessor in classifying the property. Although they did file an appeal with BOPTA as to the valuation of the property

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2009.

[2] As to the 2007-08 tax year, taxpayers appealed to the Board of Property Tax Appeals (BOPTA) with respect to the real market value placed on the property but did not raise any question as to the classification of the property. Taxpayers also appealed with respect to the 2008-09 and 2009-10 years and a Magistrate Division decision determined that for those years the classification of the property on the rolls should be changed. That decision did not purport to address the 2007-08 year nor did it purport to alter the maximum assessed value of the property as determined for the 2007-08 tax year.

[3] *See, e.g.*, Oregon Constitution, Art XI, § 11(1)(b).

and did obtain some relief, the action of BOPTA did not address the proper classification of the property for Measure 50 purposes. No appeal from that BOPTA order was taken.

In this proceeding, taxpayers assert that the court can provide relief to them pursuant to ORS 305.288. That statue provides for certain types of relief, but only for the current tax year or either of the two tax years immediately preceding the current tax year. Under ORS 305.288(5)(a) and ORS 306.115, the current tax year in this case is the 2010-11 year and the two years preceding that are the 2009-10 and 2008-09 years.

Accordingly, the court is without statutory jurisdiction to provide a remedy to taxpayers for the 2007-08 tax year. The motion of the department is granted. Counsel for the department is directed to prepare an appropriate form of judgment. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted.